**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LIFE TECHNOLOGIES, LLC, | : |
| Plaintiff, | : |
| vs. | : Case No. 21-CV-533-CVE-CDL |
| (1) OPTIMUM LAB SERVICES, LLC, (2) COGENT MEDICAL LABORATORY, LLC, and (3) PEDIATRIC ALLERGY SERVICES, LLC, | : |
| Defendants. | : |

**ANSWER OF COGENT MEDICAL LABORATORY, LLC**

Defendant, Cogent Medical Laboratory, LLC ("Defendant" or "Cogent"), respectfully submits this Answer to the Complaint filed by Plaintiff, Life Technologies, LLC ("Plaintiff" or "Life Technologies"). Unless specifically admitted below, all allegations contained in the Complaint are denied by Defendant.

**PRELIMINARY STATEMENT**

1. Defendant admits in part and denies in part the allegations set forth in this paragraph. Cogent was established in 2017 and specialized in processing laboratory specimens for post-acute care provider and care teams (i.e., long-term care hospital, inpatient rehab facilities, skilled nursing facilities, and home health agencies). Cogent was licensed by the Clinical Laboratory Improvement Amendments ("CLIA") and was accredited by the Commission of Office Laboratory Accreditation ("COLA"). In the summer of 2020, Pediatric Allergy, LLC ("Pediatric Allergy"), through Michael Blundetto and Michael Parra, approached Robert Gates about acquiring assets of Cogent to perform COVID-19 testing for the federal government. At the time, Messrs. Blundetto and Parra represented that they had secured a contract from the federal

government to provide testing for the VA hospital system (the "GSA Agreement"), and that the contract provided for between 300,000 and 1 million tests per month. Based upon these representations, Cogent and Optimum Lab Solutions, LLC ("Optimum"), an entity controlled by Messrs. Blundetto and Parra, entered into as Asset Purchase Agreement ("APA") in early October 2020. The intent and purpose of the APA was to transfer specific assets of Cogent to Optimum for the purpose of quickly setting up a laboratory to run COVID-19 tests for the federal government under the GSA Agreement. Around this time, Optimum began ordering equipment and supplies from Life Technologies sufficient to meet the requirements of the GSA Agreement. Since Optimum did not have a purchasing relationship with Life Technologies many of the orders to Life Technologies were made through Cogent at the direction of Messrs. Blundetto and Parra for the benefit of Optimum.[1] After a month or two, Cogent learned, contrary to Messrs. Blundetto and Parra's representations, that the GSA Agreement was not an actual agreement for a minimum number of COVID-19 tests. Instead, the GSA Agreement was merely an authorization for Optimum to obtain business from the federal government customers like the VA hospital system. In fact, Optimum did not run one COVID-19 test under the GSA Agreement. Messrs. Blundetto and Parra's misrepresentations and Optimum's failure to perform under the GSA Agreement set in motion major disputes between the parties that ultimately led to highly contentious pending litigation between the parties in Tulsa County State Court in a case styled *Optimum Lab Services, LLC, et al. v. Cogent Medical Laboratory, LLC, et al.*; Case No. CJ-2021-948 ("State Court Litigation"). Of relevance, Cogent has asserted claims of fraud against Optimum and Pediatric Allergy for Messrs. Blundetto and Parra's misrepresentations concerning the nature of the GSA Agreement and minimum the number of tests that would be performed thereunder – the same fraud

---

[1] This is not disputed by Life Technologies. *See* Complaint at ¶¶ 30-32.

that ultimately forms the basis of the claims of Life Technologies against the Defendants in this civil action. Based upon this fraud, it is Optimum and Pediatric Allergy that is obligated for the unpaid equipment and supplies provided by Life Technologies, not Cogent.

## PARTIES

2.  Defendant is without sufficient information to either admit or deny the allegations set forth in this paragraph and therefore denies the same.

3.  Defendant admits in part and denies in part the allegations set forth in this paragraph. Pediatric Allergy removed RRG Enterprises, LLC, a New Mexico limited liability company, as a member of Optimum after the commencement of the State Court Litigation.

4.  Defendant admits in part and denies in part the allegations set forth in this paragraph. Cogent is an Oklahoma limited liability company but its principal place of business in not 2801 S. 294th E. Avenue, Broken Arrow, OK 74104.

5.  Defendant is without sufficient information to either admit or deny the allegations set forth in this paragraph and therefore denies the same.

## JURISDICTION AND VENUE

6.  Defendant is without sufficient information to either admit or deny the allegations set forth in this paragraph and therefore denies the same.

7.  Defendant admits the allegations set forth in this paragraph.

## FACTUAL BACKGROUND

8.  Denied. *See* Response to Paragraph 1 above.

9.  Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

10. Denied. *See* Response to Paragraph 1 above.

11. The allegations set forth in this paragraph describe a legal document attached as Exbibit 1 to the Complaint, which speaks for itself, and no response in required.

12. The allegations set forth in this paragraph describe and quote a legal document attached as Exbibit 1 to the Complaint, which speaks for itself, and no response in required.

13. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

14. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

15. Defendant admits the allegations set forth in this paragraph.

16. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

17. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

18. Defendant admits the allegations set forth in this paragraph.

19. The allegations set forth in this paragraph describe a legal document attached as Exbibit 2 to the Complaint, which speaks for itself, and no response in required.

20. The allegations set forth in this paragraph describe a legal document attached as Exbibit 2 to the Complaint, which speaks for itself, and no response in required.

21. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

22. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

23. The allegations set forth in this paragraph describe a legal document attached as Exbibit 4 to the Complaint, which speaks for itself, and no response in required.

24. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

25. Defendant admits the allegations set forth in this paragraph.

26. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

27. Defendant admits the allegations set forth in this paragraph but Mr. Gates was the primary point of contact of the communications with Life Technologies for the reasons noted in the Response to Paragraph 1 above.

28. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

29. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

30. Defendant admits the allegations set forth in this paragraph.

31. Defendant admits the allegations set forth in this paragraph.

32. Defendant admits the allegations set forth in this paragraph.

33. Defendant admits the allegations set forth in this paragraph.

34. Defendant admits the allegations set forth in this paragraph.

35. Defendant is without sufficient information to either admit or deny the allegations set forth in this paragraph and therefore denies the same.

36. Defendant admits the allegations set forth in this paragraph.

37. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

38. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

39. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

40. Defendant admits the allegations set forth in this paragraph.

41. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

42. Defendant admits in part and denies in part the allegations set forth in this paragraph. Defendant admits that Optimum agreed to acquire certain of Cogent's assets in October, *see* Response to Paragraph 1 above, but is without sufficient information to either admit or deny the allegations set forth in the remainder of this paragraph and therefore denies the same.

43. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

44. Defendant is without sufficient information to either admit or deny the allegations set forth in this paragraph and therefore denies the same.

45. Defendant is without sufficient information to either admit or deny the allegations set forth in this paragraph and therefore denies the same.

46. The allegations set forth in this paragraph describe a legal document, which speaks for itself, and no response in required.

47. Defendant is without sufficient information to either admit or deny the allegations set forth in this paragraph and therefore denies the same.

## COUNT I
## BREACH OF CONTRACT

48. Defendant incorporates its responses to paragraphs 1 through 47 of the Complaint as its response to the allegations set forth in this paragraph.

49. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

50. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

51. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

52. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

53. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

## COUNT II
## PROMISSORY ESTOPPEL

54. Defendant incorporates its responses to paragraphs 1 through 53 of the Complaint as its response to the allegations set forth in this paragraph.

55. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

56. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

57. Defendant is without sufficient information to either admit or deny the allegations set forth in this paragraph and therefore denies the same.

58. Defendant is without sufficient information to either admit or deny the allegations set forth in this paragraph and therefore denies the same.

## COUNT III
## UNJUST ENRICHMENT

59. Defendant incorporates its responses to paragraphs 1 through 58 of the Complaint as its response to the allegations set forth in this paragraph.

60. The allegations set forth in the paragraph contain legal conclusions and no response is required. To the extent a response is required, Defendant denies the allegations set forth in this paragraph.

61. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

62. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above. Defendant further states that much of the equipment and supplies obtained from Life Technologies that forms the basis of allegations contained in the Complaint remain in the custody and control of Optimum.

63. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 above.

64. Defendant admits in part and denies in part the allegations set forth in this paragraph. See Response to Paragraph 1 above.

65. Defendant admits in part and denies in part the allegations set forth in this paragraph. *See* Response to Paragraph 1 as well as Response to Paragraph 62 above.

66. Defendant admits in part and denies in part the allegations set forth in this paragraph. See Response to Paragraph 1 above.

## AFFIRMATIVE DEFENSES

1. Defendant incorporates its Response to Paragraphs 1 and 62 above and further states as follows:

2. Oklahoma law defines "waiver" as the "voluntary or intentional relinquishment of a known right." *Faulkenberry v. Kansas City S. Ry. Co.*, 602 P.2d 203, 207 (Okla. 1979).

3. Soon after Cogent began ordering equipment and supplies from Life Technologies at the direction and request of Optimum and Pediatric Allergy, Messrs. Blundetto requested that Life Technologies transfer the purchase orders from Cogent to Optimum because Optimum was the real party-in interest taking delivery of such equipment and supplies. Upon information and belief, Life Technologies took action to transfer the purchase orders from Cogent and Optimum and in doing so voluntarily waived its ability to seek payment from Cogent.

4. Under Oklahoma law, the Supreme Court of Oklahoma has stated that equitable estoppel "holds a person to a representation made, or a position assumed, where otherwise inequitable consequences would result to another, who having a right to do so under the circumstances has in good faith, relied thereon." *Apex Siding & Roofing Co. v. First Federal Sav. & Loan Ass'n*, 301 P.2d 352, 355 (Okla. 1956).

5. Life Technologies understood that Optimum and Pediatric Allergy were the parties responsible for procuring and paying for the equipment and supplies that form the basis of the claims in the Complaint, advised Cogent of its understanding, and, upon information and belief, took action to formalize and recognize the obligation to pay by Optimum. These actions of Life Technologies preclude Life Technologies from making claims against Cogent for the same obligations it asserts are the true responsibility of Optimum and Pediatric Allergy.

6. In addition, Mr. Gates contacted more than one representative of Life Technologies to advise them to (a) stop delivery based upon Messrs. Blundetto and Parra's misrepresentations concerning the ability of Optimum to obtain business under the GSA Agreement and (b) that Optimum would not be able to pay for such supplies, and Life Technologies continued to ship and deliver supplies to Optimum.

7. Under Oklahoma law "acquiescence involves a quiet submission or compliance with acts from which assent can reasonably be inferred. A person may, through long acquiescence in a practice or recognition of a right, be precluded from denying the legality of the actions taken." *Smith v. Baptist Foundation of Okla.*, 50 P.3d 1132, 1139 (Okla. 2002).

8. Upon information and belief, Life Technologies was aware at all times that Optimum and Pediatric Allergy were the responsible parties for procuring and paying for the equipment and supplies that form the basis of the claims in the Complaint, not Cogent. By doing so, Life Technologies recognized that it is Optimum and Pediatric Allergy that are liable, not Cogent.

## RIGHT TO AMEND DEFENSES

9. As discovery has yet to commence, Defendant has the right to seek leave to amend to add additional defenses consistent with Rule 15 and the applicable Federal Rules of Civil Procedure.

Dated this 24th day of March, 2022.

        Respectfully submitted,

        */s/ Chad J. Kutmas*
        _____
        Chad J. Kutmas, OBA #19505
        ckutmas@nwlawok.com
        NORMAN WOHLGEMUTH, LLP
        401 S. Boston Avenue, Suite 3200
        Tulsa, OK 74103
        (918) 583-7571 (office)
        (918) 584-7846 (facsimile)

        *Attorneys for Cogent Medical Laboratory, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 24th day of March, 2022, a true and correct copy of the above and foregoing instrument was sent to the following via the Court's CM/ECF System:

Greg A. Castro
C. Eric Shepard
FELLERS, SNIDER, BLANKENSHIP,
   BAILEY & TIPPINS, PC
100 North Broadway, Suite 1700
Oklahoma City, OK 73102

-and-

Scott R. Leah
TUCKER ARENSBERG
1500 One PPG Place
Pittsburgh, PA 15222

*Attorneys for Life Technologies, LLC*

                                                */s/ Chad J. Kutmas*
                                                _____
                                                Chad J. Kutmas